**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jorge Alberto OLGUIN–LOZANO,**
**Defendant–Appellant.**

**No. 13–40069**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 2013.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

**400**

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.

PER CURIAM: *

Appealing the judgment in a criminal case, Jorge Alberto Olguin–Lozano raises arguments that he concedes are foreclosed by *United States v. Newson,* 515 F.3d 374, 378–79 (5th Cir.2008), and *United States v. Morales–Mota,* 704 F.3d 410, 412 (5th Cir.), *cert. denied,* —— U.S. ——, 133 S.Ct. 2374, 185 L.Ed.2d 1091 (2013). *Newson* held that the Government may decline to move for an additional one-point reduction under U.S.S.G. § 3E1.1(b) based on the defendant's refusal to waive his right to appeal. 515 F.3d at 378–79. In *Morales–Mota,* 704 F.3d at 412, this court, relying upon its holding in *United States v. Joslin,* 487 Fed.Appx. 139, 141–43 (5th Cir.2012), *cert. denied,* —— U.S. ——, 133 S.Ct. 1847, 185 L.Ed.2d 851 (2013), rejected the argument that the Texas offense of "burglary of a habitation" is outside the generic, contemporary definition of "burglary of a dwelling" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because it defines the "owner" of a habitation as a person with a "greater right to possession."

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

The appellant's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be